UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-12-00410-RMW |
| Plaintiff, | |
| v. | **SEALING ORDER** |
| MELVIN RUSSELL "RUSTY" SHIELDS, MICHAEL SIMS, and SAM STAFFORD, | |
| Defendants. | |

The government moves this court to order the sealing of exhibits the government lodged under seal in support of its opposition to defendants' motion to dismiss the indictment. Dkt. No. 124. Under the criminal local rules, criminal parties follow the civil rules for sealing. Crim. L.R. 55-1(b). A motion to seal must be "narrowly tailored" and include a declaration establishing that the sections of documents to be redacted or documents to be sealed are "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(a), (b), (c). Courts assume the "right of access to criminal proceedings," which can only be overcome by an "overriding interest," "specified with particularity," and supported by a finding that "the closure remedy is narrowly confined to protect that interest." *CBS, Inc. v. U.S. Dist. Court for Cent. Dist. of California*, 765 F.2d 823, 825 (9th Cir. 1985).

Here, the government has failed to meet its burden. As the government admitted at the September 30, 2013 hearing, some of the exhibits clearly do not need to be sealed as they were already publicly filed. The government states that the documents should all be sealed to "protect the confidentiality of certain witness information," but not all of the documents contain this information. Even where the information is not part of the public record, the government has not meet its burden to establish with particularity what privilege should override the public's right of access.

Therefore, the court DENIES without prejudice the motion to seal the exhibits in support of the government's opposition to the motion to dismiss. The court also DENIES without prejudice the motion to seal defendants' opposition. If the government believes that sealing or redacting part or all of the exhibits or the motion in opposition to its motion to seal is proper, it must file a declaration by October 4, 2013, establishing with specificity the grounds for sealing or redacting. Any documents for which the government does not provide a supporting declaration, must be publicly filed without redaction by October 8, 2013.

Dated: September 30, 2013

Ronald M. Whyte
United States District Judge