MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

JOSEPH FAZIOLI  (CABN 275564)
TIMOTHY LUCEY (CABN 172332)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5061
   FAX: (408) 535-5066
   joseph.fazioli@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 12-00410 RMW |
| Plaintiff, | UNITED STATES' MOTION TO ADMIT REDACTED VERSION OF PORTIONS OF PLEA AGREEMENT OF CO-DEFENDANT SAM STAFFORD |
| v. | |
| MELVIN RUSSELL "RUSTY" SHIELDS, AND MICHAEL SIMS | |
| Defendants. | |

   The United States of America hereby moves to be permitted to admit into evidence a redacted version of portions of co-defendant Sam Stafford's plea agreement he referenced during his testimony.

   In the Ninth Circuit, the government is permitted to introduce an unredacted copy of a testifying co-defendant's plea agreement into evidence - including its "truthful testimony" provisions - but only after the witness' credibility has been attacked because of the plea bargain.  *United States v. Monroe*, 943 F.2d 1007, 1013-1014 (9th Cir. 1991); *United States v. Necoechea*, 986 F.2d 1273, 1280 (9th Cir. 1993); *United States v. Shapiro*, 879 F.2d 468, 472-473 (9th Cir. 1989); *see also United States v. Schoneberg*, 396 F.3d 1036, 1043, fn.13 (9th Cir. 2005).  In this regard, the prosecutor may expressly ask the witness about such "truthful testimony" provisions without constituting impermissible vouching

for the credibility of the witness. *Monroe, id.*

Here, defense counsel on cross-examination and re-cross-examination repeatedly attacked Mr. Stafford's credibility as to his testimony on direct examination by reference to and discussion of his plea agreement. Furthermore, defense counsel also repeatedly cited Mr. Stafford's plea agreement in cross-examination, including on several occasions reading from selected portions of that document. Under these circumstances, it is appropriate for, at minimum, a redacted version of the plea agreement to be made available to the jury for (1) its probative value; (2) to reduce juror confusion; and (3) under the Rule of Completeness.

A redacted version of the Mr. Stafford's Plea Agreement, previously marked as Government Exhibit 764, is attached hereto. The Government respectfully moves this redacted version into evidence.


DATED:  December 17, 2013                    Respectfully submitted,

                                             MELINDA L. HAAG
                                             United States Attorney


                                             _____/s/_____
                                             JOSEPH FAZIOLI
                                             TIMOTHY LUCEY
                                             Assistant United States Attorneys